IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DOWNTOWN PLAZA LLC,                    )
                                       )
                Plaintiff,             )     2:08-cv-2001-GEB-KJM
                                       )
        v.                             )     ORDER*
                                       )
NAIL TRIX, INC.; PHONG V. NGUYEN;      )
and DOES 1-20,                         )
                                       )
                Defendants.            )
_____)

        Plaintiff moves to dismiss Defendants' counterclaims for breach of contract, fraud, breach of implied covenant of good faith and fair dealing, a judicial declaration that Defendants are entitled to an accounting of common expenses, and to dismiss Phong V. Nguyen as a counterclaimant for lack of standing.

        Plaintiff and Defendant Nail Trix, Inc. entered into a written ten-year lease agreement for a store location in Downtown Plaza, a shopping center, on August 18, 2003.  Defendant Phong V. Nguyen entered into a separate guaranty agreement with Plaintiff, guaranteeing the performance of Nail Trix, Inc.'s obligations on the

---

        * This matter was determined to be suitable for decision without oral argument.  L.R. 78-230(h).

lease agreement.  Defendants allege they entered into the lease agreement in reliance on Plaintiff's misrepresentations that foot traffic near Defendants' store would be maintained because the neighboring stores were occupied by long-term tenants.  Defendants allege they discovered in February or March 2004 that many neighboring tenants were temporary tenants and that, when neighboring tenants moved out, Plaintiff deliberately kept the stores empty in anticipation of moving in an anchor tenant.  Defendants also allege Plaintiff sent them a request to relocate their store near the food court on February 28, 2006; Defendants accepted that request and entered into a written agreement with Plaintiff on March 2, 2006, in which Plaintiff agreed to relocate Defendants by July 1, 2006, in exchange for Defendants' payment of all disputed rents and costs. Defendants allege they paid all disputed rents and costs soon thereafter and remained as a tenant at Downtown Plaza.  Defendants further allege Plaintiff breached the March 2, 2006 agreement by failing to relocate Defendants by July 1, 2006.

Plaintiff seeks dismissal of Defendants' counterclaim for breach of the alleged March 2006 agreement, arguing such an agreement would contradict the express language of the August 2003 lease agreement, which provided that relocation was a "right" reserved by Plaintiff.  Defendants counter that the March 2006 written agreement is an amendment to the August 2003 lease agreement, for which they tendered new consideration, namely, the payment of disputed rents and costs.  "Generally speaking, a contract to settle a genuine dispute is binding."  Richards Const. Co. v. Air Conditioning Co. of Hawaii, 318 F.2d 410, 414 (9th Cir. 1963).  Therefore, Plaintiff has not shown

that the March 2006 agreement did not amend the August 2003 lease
agreement.

Plaintiff also argues Defendants' breach of contract
counterclaim should be dismissed because Defendants failed to attach a
copy of the alleged March 2006 written agreement with their
counterclaims, citing <u>Otworth v. Southern Pac. Transportation Co.</u>, 166
Cal. App. 3d 452, 458-59 (Cal. App. 1985) (citation omitted) ("If the
action is based on an alleged breach of a written contract, the terms
must be set out verbatim in the body of the complaint or a copy of the
written instrument must be attached and incorporated by reference").
However, federal procedural rules do not require submission of the
written agreement.  <u>See, e.g.</u>, <u>Kassa v. BP West Coast Products, LLC</u>,
No. C-08-02725, 2008 WL 3494677, at *4 (N.D. Cal. Aug. 12, 2008)
(holding California procedural rule requiring submission of written
agreement does not apply in federal courts); <u>Western Oilfields Supply
Co. v. Goodwin</u>, No. CV F 07-1863, 2008 WL 2038048, at *2 (E.D. Cal.
May 12, 2008) (same).  Accordingly, this portion of Plaintiff's motion
is denied.

Plaintiff also seeks dismissal of Defendants' fraud
counterclaim, arguing Plaintiff's alleged misrepresentations about
relocating Defendants' store did not result in Defendants'
"justifiable reliance" because Defendants were already legally obliged
to be a tenant under the August 2003 lease agreement; and therefore,
the alleged misrepresentations did not "alter [Defendants'] legal
relations," citing <u>Alliance Mortgage Co. v. Rothwell</u>, 10 Cal. 4th
1226, 1239 (1995).  Defendants counter the March 2006 agreement
altered their legal relations with Plaintiff because it required them
to pay disputed rents and costs.  Since a settlement agreement could

alter the legal relationship between parties and Defendants allege it had that effect, Defendants have alleged sufficient "reliance" to support their fraud counterclaim.  See Jankey v. Poop Deck, 537 F.3d 1122, 1130 (9th Cir. 2008) (stating that a settlement agreement could meaningfully alter the parties' legal relationship).

Plaintiff also argues Defendants have not pled their fraud counterclaim with particularity, as required by Federal Rules of Civil Procedure 9 (b).  Defendants allege that Plaintiff sent Defendants a request for relocation on February 28, 2006, and entered into a written agreement on March 2, 2006 to relocate Defendants' store by July 1, 2006; Plaintiff did not relocate Defendants' store location by July 1, 2006 and informed Defendants in March 2007 that it was cancelling the March 2, 2006 agreement.  These allegations are "specific enough to give defendants notice of the particular misconduct . . . so they can defend against the charge . . . ." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (internal quotation and citation omitted).  Accordingly, this portion of Plaintiff's motion is denied.

Plaintiff also seeks dismissal of Defendants' fraud counterclaim based on Plaintiff's alleged statements made in 2003 regarding foot traffic around Defendants' store because the three-year statute of limitations has run.  Defendants counter the fraud counterclaim did not accrue "until [Defendants'] discovery . . . of the facts constituting the fraud."  Cal. Civ. Pro. § 338 (d). However, Defendants discovered Plaintiff's misrepresentations regarding foot traffic in February or March 2004, over three years prior to the filing of their counterclaims.  Accordingly, this portion of Plaintiff's motion is granted.

1    Plaintiff also seeks dismissal of Defendants' counterclaim
2    for breach of the implied covenant of good faith and fair dealing,
3    arguing there is no implied covenant requiring Plaintiff to maintain
4    foot traffic around Defendants' store because no such implication
5    "arise[s] from the language" in the August 2003 lease agreement or is
6    "indispensable to effectuate the intention of the parties," citing
7    Lippman v. Sears, Roebuck & Co., 44 Cal. 2d 136, 142 (Cal. 1955).
8    Defendants do not point to any language in the August 2003 lease
9    agreement from which such an implied covenant arises.  Therefore, this
10   portion of Plaintiff's motion is granted.

11   Plaintiff also seeks dismissal of Defendants' request for a
12   judicial declaration that Defendants are entitled to an accounting of
13   common expenses, contending the accounting would contradict the
14   specific procedures for payment of common expenses prescribed in the
15   August 2003 lease agreement.  Plaintiff asserts the August 2003 lease
16   agreement states "[s]ubsequent to the end of each . . . year, Landlord
17   shall furnish Tenant with a statement of Tenant's proportionate share
18   of [common area] Operating Costs and Expenses for such period showing
19   the method of computing such share. . . .  Tenant shall pay Landlord
20   [the amount due] within thirty (30) days after the furnishing of each
21   statement."  (Compl. Exh. A, August 2003 Lease Agreement § 8.03 (c).)
22   Defendants counter a tenant sharing in common expenses "is entitled to
23   verify that such expenses were, in fact, incurred and that the listed
24   amounts [on a statement issued from the landlord to the tenant] are
25   accurate," citing McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th
26   784, 808 (Cal. App. 2008).  Plaintiff rejoins the McClain court held
27   that the landlord was only required to provide the tenant "with copies
28   of the pertinent documents or . . . an opportunity to view the

5

original documents" supporting the landlord's statement and denied the
tenant's request for an accounting since the tenant did not have
"greater control over [the landlord] than authorized by the express
terms of the lease."  <u>Id.</u>  In light of the August 2003 lease agreement
which only provides that Defendants would receive a statement of their
share of common expenses, Defendants fail to allege a sufficient basis
for an accounting.  Accordingly, this portion of Plaintiff's motion is
granted.

         Plaintiff also seeks dismissal of Nguyen as a
counterclaimant, arguing since Nguyen is not a party to the August
2003 lease agreement, he "has no standing to enforce it or to recover
extracontractual damages for the wrongful withholding of benefits to
the contracting party," citing <u>Jones v. Aetna Casualty & Surety Co.</u>,
26 Cal. App. 4th 1717, 1722 (Cal. App. 1994).  Defendants counter
Nguyen, as a guarantor on the lease agreement, is "entitled to be
subrogated to the . . . rights and remedies of the principal against
the creditor," citing <u>In re Elizalde's Estate</u>, 182 Cal. 427, 433
(1920).  Plaintiff rejoins this is true only after the guarantor
"satisf[ies] his principal's obligation."  <u>Id.</u>  Plaintiff alleges Nail
Trix, Inc. owes Plaintiff rent and charges under the August 2003 lease
agreement and damages for early termination of the August 2003 lease
agreement.  (Compl. ¶¶ 6-8.)  Defendants have not shown that Nguyen
has satisfied Nail Trix, Inc.'s obligation.  Accordingly, this portion
of Plaintiff's motion is granted.

         For the reasons stated, the motion is granted in part and
denied in part.  If Defendants opine any dismissed counterclaim can be
amended to state an actionable counterclaim, Defendants are granted

ten (10) days from the date on which this Order is issued to file
amended counterclaims.

Dated:  November 26, 2008

_____
GARLAND E. BURRELL, JR.
United States District Judge